The State v. Finch.

3. —: —; jurisdiction of justice: agreement of tenant.

THE STATE v. FINCH.

1. **Larceny:** VALUE: COMPETENCY OF WITNESS. In a prosecution for the larceny of a seal-skin overcoat, *held* that the testimony of a witness as to the value of the coat was not inadmissible, though he testified that he had never seen such a coat bought or sold, and did not show that he had any knowledge of the value of such an article, except such as any man of ordinary intelligence might be presumed to have.

2. ——: ——: INSTRUCTION: VERDICT. Where the court instructed the jury to find the market value of the stolen goods, and they simply found their *value*, *held* that, on appeal, it must be presumed that such value was the market value.

*Appeal from Clayton District Court.*

TUESDAY, DECEMBER 14.

THE defendant was convicted of the larceny of a seal-skin overcoat of the value of $50, and sentenced to imprisonment in the penitentiary for the period of two years. He appeals to this court.

No appearance for appellant.

*A. J. Baker, Attorney-general,* for the State.

ADAMS, CH. J.—I.  It was insisted below that there was no legal proof of the value of the overcoat. The only witness who testified to the value of the overcoat was one Arnold. He showed that he had never seen a seal-skin overcoat bought or sold, and did not show that he had any knowledge of the value of such an article, except such as any man of ordinary intelligence might be presumed to have. We do not think, however, that we should be justified in wholly discarding his testimony. He might not be a very accurate judge of the value of such an article, but we think that, having seen and examined the coat, he might form some opinion about it. He doubtless could judge with considerable accuracy of the value of such overcoats as are in common use, and he could judge, we think, though perhaps not as accurately, how this compared in value with the best of such coats. We think that his testimony was not inadmissible, and, if not, the verdict was not without support.

> 1. LARCENY: value: competency of witness.

II.  The court instructed " the jury that the value referred to is the market value; that is, what the coat would bring in the usual course of trade." The jury merely found that the coat was worth $50. We are justified in presuming that, under the instruction, they found that as the market value.

> 2. ——: ——: instruction: verdict.

III. The court instructed the jury to state the value of the coat or property, as they should find it. It was insisted that they should have been instructed to state the market value. But the jury was expressly told that the value referred to was the market value. We think that the defendant had no good ground for complaint. The instructions upon this point as a whole appear to be quite as favorable to the defendant as he was entitled to. It was claimed that the evidence was insufficient to support the verdict, but we think otherwise.

We have examined the entire record, and find no error.

AFFIRMED.