# Louisville & Nashville Railroad Co. v. Rice.

*Action against a Railroad Company for killing Cattle.*

1. *Action against a railroad company for killing cattle; negligence; when determined by the jury.*—Where, in an action against a railroad company for killing cattle, it is shown that the cattle were killed by defendant's train, and the testimony for the plaintiff tends to show that at the place of the killing the track was straight and the view unobstructed for a mile, while the testimony for the defendant was to the effect that the cattle were grazing a short distance from the track, and, when the train was a quarter of a mile from them, they showed no restlessness or disposition to move towards the track, and that when the train was close upon them they started upon the track whereupon the engineer,

[Louisville & Nashville Railroad Co. v. Rice.]

who had kept a steady look out, used all the means within his power to stop the train, it is for the jury to determine whether the cattle killed came on the track so suddenly and near to the engine that the persons operating the train could not, by the exercise of reasonable care and diligence, prevent the injury; and the defendant is not, therefore, entitled to the general affirmative charge.

2. *Same; charge to the jury.*—In such a case a charge that the jury must find for defendant, if they believed the defendant's evidence is properly refused, since it confines the jury to the consideration of only a part of the testimony, when they should, in making up their verdict, consider all the evidence together.

3. *Same.*—The court properly charged the jury that, "To prove that the engineer was on the lookout at the time when he actually discovered the cattle, is not enough to show that he fully performed his duty. If he failed to discover the cattle sooner, when he might have done so, if he had kept a proper lookout prior to the actual discovery of the cattle, then the defendant is chargeable with negligence."

4. *Same.*—A charge is properly refused, which instructs the jury that if the engineer saw the cattle a quarter of a mile before reaching them, when they were standing near, and indicating no intention of moving to the track, and would not probably have been injured where they were, he was under no further duty to look out for their safety.

5. *Same.*—A charge that requires the plaintiff to prove negligence on the part of the defendant, committed prior to the time the cattle got upon the track, is properly refused, since, if the injury resulted from the negligence of defendant's employés, committed subsequently to the time the cattle got upon the track, the defendant is liable, although there may have been no negligence prior to that time.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, S. S. Rice, against the Louisville & Nashville Railroad Co., to recover damages for the alleged negligent killing of three cows, the property of the plaintiff. The complaint contained two counts, and issue was joined on the plea of the general issue.

On the trial of the cause the testimony for the plaintiff tended to show that the cows killed by the defendant were his property; that at the place where the cows were killed the track was straight for about a mile, and there was nothing to obstruct the view for that distance; that he saw the cows about three hours before they were killed, and that after they were killed he found them lying near the defendant's track. It was admitted that the train of the defendant killed the cows.

The evidence in behalf of the defendant was the testimony of the engineer and fireman, who were operating the engine at the time the cows were killed. The testimony of the engineer in reference to the accident, as shown by the bill of exceptions, was as follows: "He saw at the right of the track a drove of about fifteen cows standing grazing off of the right of way some little distance; that he was then a quarter of a mile from them; that as he approached the cows gave no signs of uneasiness, and did not move towards the track or show any signs of so doing, until he got within a short distance of where they were standing; that during this time he kept a steady lookout ahead; that when he was within a short distance of the cows, two or three of them started up and ran towards the track, whereupon he called for brakes, sounded his cattle alarm, and reversed his engine, and shut off steam, and put on his jam; that these were all the means he had at hand to stop his train; that his appliances for checking the speed of the train were in good condition, and were the same as are used on all well regulated railroads." The testimony of the fireman was to the same effect.

The court, at the request of the plaintiff, gave the following written charge: "To prove that the engineer was on the lookout at the time when he actually discovered the cattle, is not enough to show that he fully performed his duty. If he failed to discover the cattle sooner, when he might have done so, if he had kept a proper lookout prior to the actual discovery of the cattle, then the defendant is chargeable with negligence." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written charges requested by it: (1.) "If the jury believe the evidence of defendant, they must find for defendant." (2.) "The burden of proving negligence on the part of the defendant in the management of its train, prior to the time when the jury believe plaintiff's cattle got on defendant's track, is on the plaintiff." (3.) "The burden of showing that the defendant's engineer was guilty of negligence, in keeping a lookout for plaintiff's stock before they got on defendant's track, is on the plaintiff." (4.) "If the jury believe the evidence they must find for the defendant under the first count." (5.) "If the jury believe the

evidence they must find for the defendant under the second count." (6.) "If the jury believe from the evidence that, at the time the train reached a point one-quarter of a mile from where the cattle were when killed, the engineer saw the stock first, and that at that time the stock were standing not on the track but near the track, and did not indicate any intention of moving to the track, and would not probably have been injured where they were, the defendant's engineer was not guilty of negligence in the matter of keeping a lookout, with which the defendant is chargeable in this action."

There was judgment for plaintiff. Defendant appeals, and assigns as error the giving of the charge asked by plaintiff, and refusing to give the several charges requested by it.

HEWITT, WALKER & PORTER, for appellants, cited *Kansas City, Memphis & Charleston R. R. Co. v. Watson*, 91 Ala. 483, 8 So. Rep. 793 ; *Ala. Gt. So. R. R. Co. v. Moody*, 92 Ala, 279, 9 So. Rep. 238 ; *Ga. Pac. Railway Co. v. Hughes*, 87 Ala. 610, 6 So. Rep. 413; *M. & E. Railway Co. v. Perryman*, 91 Ala. 413, 8 So. Rep. 699 ; *Western Railway Co. v. Lazarus*, 88 Ala. 453, 7 So Rep. 877.

ARNOLD & EVANS, *contra*. The charges given for the plaintiff states a correct rule of law.—*E. T. V. & G. R. R. Co. v. Baker*, 94 Ala. 632, 10 So. Rep. 211; *K. C M. & B. R. R. Co. v. Watson*, 91 Ala. 483, 8 So. Rep. 793; *A. G. S. R. R. Co. v. Powers*, 73 Ala. 244.

The first charge asked by the defendant was faulty in many respects. The testimony of the defendant did not relieve it from negligence. An effort to stop the train, after the cattle actually started towards the track, did not fill the measure of the engineer's duty where the cattle were seen, or ought to have been seen, in dangerous proximity to the track.—*E. T. V. & G. R. R. Co. v. Watson*, 90 Ala. 41, 7 So. Rep. 813; *K. C. M. & B. R. R. Co. v. Watson*, 91 Ala. 483, 8 So. Rep. 793; *Western Railway Co. v. Sistrunk*, 85 Ala. 352, 5 So. Rep. 79; *Western Railway Co. v. Lazarus*, 88 Ala. 453, 7 So. Rep. 877 ; *L. & N. R. R. Co. v. Posey*, 96 Ala. 262, 11 So. Rep. 423; *M. & B. R. R. Co. v. Kimbrough*, 96 Ala. 127, 11 So. Rep. 307. Said charge presented the defendant's aspect of the case on only a part of the evidence, and was for that

reason properly refused.—*Snider v. Burke*, 84 Ala. 53, 4 So. Rep. 225; *Hussey v. State*, 86 Ala. 34, 5 So. Rep. 484; *Mobile Savings Bank v. McDonnell*, 89 Ala. 434, 8 So. Rep. 137; *Nelson v. Warren*, 93 Ala. 408, 8 So. Rep. 413; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 514, 9 So. Rep. 722; *Steed v. Knowles*, 97 Ala. 573, 12 So. Rep. 75; 3 Brick. Dig., 111, § 83.

The second and third charges asked by the defendant misplaced the burden of proof, and were properly refused.—*M. & G. R. R. Co. v. Caldwell*, 83 Ala. 196, 3 So. Rep. 445; *Nashville &c. R. R. Co. v. Hembree*, 85 Ala. 481, 5 So. Rep. 173; *S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149, 10 So. Rep. 323; *L. & N. R. R. Co. v. Posey*, 96 Ala. 262, 11 So. Rep. 423; *L. & N. R. R. Co. v. Barker*, 95 Ala. 435, 11 So. Rep. 453. The fourth and fifth charges asked by the defendant, being the general affirmative charges, were properly refused. There was evidence from which the jury might have reasonably inferred negligence on the part of the defendant, and the general affirmative charge can not be given in such instances.—*E. T. V. & G. R. R. Co. v. Watson*, 90 Ala. 41, 7 So. Rep. 813; *K. C. M. & B. R. R. Co. v. Watson*, 91 Ala. 483, 8 So. Rep. 793; *E. T. V. & G. R. R. Co. v. Baker*, 94 Ala. 632, 10 So. Rep. 211; *S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149, 10 So. Rep. 323; *M. & B. R. R. Co. v. Kimbrough*, 96 Ala. 262, 11 So. Rep. 307; *Payne v. Mathis*, 92 Ala. 585, 9 So. Rep. 605; *Sublett v. Hodges*, 88 Ala. 491, 7 So. Rep. 296; *Tabler v. Sheffield L. & I. Co.*, 87 Ala. 305, 6 So. Rep. 196; *E. T. V. & G. R. R. Co. v. Baker*, 94 Ala. 632, 10 So. Rep. 211; *E. T. V. & G. R. R. Co. v. Turvaville*, 97 Ala. 122, 12 So. Rep. 63; 3 Brick. Dig. 110, §§ 52, 55.

It was not error to refuse to give the sixth charge asked by the defendant. Whether the engineer was negligent as to keeping a lookout and exercised reasonable care was a question for the jury.—*K. C. M. & B. R. R. Co. v. Watson*, 91 Ala. 483, 8 So. Rep. 793; *E. T. V. & G. R. R. Co. v. Bayliss*, 77 Ala. 429; *S. & N. R. R. Co. v. Jones*, 56 Ala. 507; *E. T. V. & G. R. R. Co. v. Baker*, 94 Ala 632, 10 So. Rep. 211.

HEAD, J.—We think, under the evidence in this case, it was for the jury to determine whether the cattle came upon the track so suddenly and near to the engine that the persons operating the train could not, by the exer-

cise of reasonable care and diligence, prevent the injury, and also whether those persons observed the proper lookout and exercised reasonable diligence or not. This being so, the defendant was not entitled to the general affirmative charge in its favor. Nor was it entitled to have the general charge upon the effect of the defendant's evidence given in its favor, for the reason, if for no other, as we have many times said, that such a charge confines the jury to a consideration of a part only of the testimony, when, in making up a verdict, they should consider it all together. This is not opposed to anything said by this court in the case of *A. G. S. R. R. Co. v. Moody*, 92 Ala. 279, 9 So. Rep. 328.

The charge given at the instance of the plaintiff is supported by so many adjudications of this court that we need not comment upon it or cite the cases. We do not find such an undisputed state of facts, as defendant's counsel argue, as takes the charge without the influence of the general rule.

We can not affirm that if the engineer saw the cattle a quarter of a mile before reaching them, when they were standing near the track and indicating no intention of moving to the track, and would not probably have been injured where they were, he was under no further duty to look out for their safety. Charge six requested by defendant was, therefore, properly refused.

Charges 2 and 3 requested by defendant were properly refused. They both require the plaintiff to prove negligence on the part of the defendant, committed prior to the time the cattle got upon the track. If the injury resulted from negligence committed subsequently to the time the cattle got on the track, the defendant is liable, although there may have been no negligence prior to that time. On the subject of the burden of proof, generally, in cases like the present, our decisions, since the act of Feb. 28, 1887, amending section 1700 of the Code of 1876, (which act may be found in a note on page 300 of the Code of 1886) gave rise to some confusion. In *Birmingham Mineral R. R. Co. v. Harris*, 98 Ala. 98, 13 So. Rep. 377, we had occasion to review the subject, and we there announced the true rule, arising upon the proper interpretation of the change made in the law by the act above referred to. That case gives all necessary light on the question of the burden of proof.

682    SUPREME COURT    [Nov. Term,

There is no error in the record and the judgment is affirmed.