# Western Railway of Alabama v. Price.

## Killing Animals.

(Decided April 22, 1915.   68 South. 278.)

1. *Evidence; Value; Other Time and Place.*—In the estimation of damages for the wrongful destruction of property, its value at the time and place thereof is generally considered, but evidence of its value at other times and places is also admissible as tending to show its value at the time and place in question.

2. *Trial; Exclusion of Evidence.*—One who elicits a statement from a witness is without right to have it excluded because unfavorable to him.

3. *Railroads; Injuring Animals; Burden of Proof.*—Where the action was against a railroad company for killing a mule, a charge was properly refused where it misplaced the burden of proof under section 5476, Code 1907.

4. *Same; Ownership; Variance.*—Where the action was for the killing of a mule, and the complaint alleged the killing on or near the track of defendant company, and the proof showed that the track was owned by another company, but was used by the defendant, there was no variance.

5. *Same; Jury Question.*—While the evidence for the defendant may be convincing in its weight, yet where there is a conflict as to material matters, the questions are properly submitted to the jury.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Action by Tom Price against the Western Railway of Alabama for damages for killing a mule. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

GEORGE P. HARRISON, for appellant.

PARTRIDGE & HOBBS for appellant.

SOMERVILLE, J.—(1) For the purpose of qualifying a witness to testify as to the value of a mule, it is

not only proper but necessary to ask him if he knows its value. And although, in the estimation of damages for its wrongful destruction, the law generally looks to the value of property at the time and place thereof, yet it is well settled that evidence of its value at other times and places may be both relevant and admissible as tending to show its value at the time and place in question.—*Ward v. Reynolds,* 32 Ala. 384; *Roney v. Winter,* 37 Ala. 277; *Johnson v. West,* 43 Ala. 689; *S. & N. Ala. R. R. Co. v. Wood,* 72 Ala. 451; *Echols v. L. & N. R. R. Co.,* 90 Ala. 366, 7 South. 655. Hence the objection to the general question that it did not appear that the witness knew the value "of such animals in Selma," and that it was irrelevant, was properly overruled. Moreover, when objection was made to the question, the trial judge said, "Here in Selma is what you mean?" and plaintiff's attorney answered, "Yes, sir; Dallas county, Ala." This conversation in the presence and hearing of the witness must be regarded as a qualification of the original question by its restriction to Dallas county, and thereby the objection was fairly met and removed.

(2) On the cross-examination of one Hatcher, a witness for plaintiff, defendant elicited the fact that the witness found the dead mule at a point nearer to the Western than to the Southern railroad track. Afterwards he said: "I know who they say the tracks along there belong to; as a matter of fact, I don't know whether the Western has got a track, nor whether the Southern has got one." Whereupon defendant moved to exclude the witness' former statement, because he had no knowledge that the Western had a track there. One who elicits a statement from a witness has no right to have it excluded because it is unfavorable to himself, and defendant's motion was properly overruled on this ground, if no other.

(3) If the evidence tended to show that this mule was killed by a locomotive or car of defendant, then the burden of proof was on defendant to show that there was no negligence on the part of itself or its servants.—Code, § 5476. And, as charge No. 2 misplaced this burden of proof, it was properly refused.

The real question in the case is therefore presented by the refusal of the trial court to give for defendant the general affirmative charge as requested by it in writing.

(4) Appellant's argument in this behalf is: (1) That there was a fatal variance between the allegation of the complaint that the mule was killed on or near the track of defendant company, and the proof that it was killed on or near the track of the Louisville & Nashville Railroad Company, and not on or near the defendant's track at all; and (2) that the evidence showed, without material conflict, that the mule was killed by some locomotive running on the Louisville & Nashville track which did not belong to and was not operated by defendant, the Western Railway Company.

The evidence showed that the only two tracks on Sylvan street, where the mule was killed, belonged respectively to the Louisville & Nashville and the Southern Railroad, and not to the Western. But it showed also that, in entering the city on that street, the Western used the track of the Louisville & Nashville. The physical ownership of this track was not in any way material to the issues of the case, and we think the allegation of the complaint was sufficiently sustained by proof that the Western used the track for the operation of its engines and cars. Certainly, for all the purposes of this case, it was the track of the defendant.

(5) The only direct evidence that the mule was killed by a locomotive is found in the testimony of a little negro girl, then nine years of age, that she saw an

engine knock the mule off of the Louisville & Nashville track on Sylvan street beween 8 and 9 o'clock at night; the engine moving to the west, and having on board two men. She described the engine as having a headlight in front which was "kind o' dim," and no light behind, and as having a cowcatcher in front. The only evidence tending to connect defendant with the killing was the statement of this witness that she saw a "W" on the engine, and some other letters which she could not remember, the letter "W" being on the back part of the engine where they put the coal; in connection with other testimony that the engines of the Western were the only ones entering Selma that have a "W" on their tenders. On the other hand, if the testimony of defendant's witnesses be believed, it had no passenger engine on that track after dark till 10 o'clock p. m., and no switch engine there until 11 o'clock p. m.; hence the engine that killed the mule could not have been defendant's. These witnesses also showed that defendant's passenger engines carried a brilliant electric headlight; and that its switch engines, of which it had but two, carried no cowcatcher, and were equipped with oil lights both before and behind.

So far as we can judge merely from this record, the jury ought to have found for defendant on the convincing weight of its evidence; but, in view of the conflict noted, it seems clear that the case was properly submitted to the jury. Let the judgment be affirmed.

Affirmed

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.