140 So. 555

## AMERICAN INS. CO. OF NEWARK, N. J., v. FULLER.

### 7 Div. 115.

Supreme Court of Alabama.

March 24, 1932.

388

H. H. Grooms and Coleman, Coleman,
Spain & Stewart, all of Birmingham, for appellant.

Pruet & Glass, of Ashland, for appellee.

KNIGHT, J.

Action by plaintiff, appellee, against defendant, an insurance company, to recover for loss by fire under a policy of insurance, issued by defendant.

█ The defendant pleaded the general issue, and a special plea, in which it alleged that the plaintiff willfully burned, or willfully and knowingly caused to be burned, the insured property, the recovery for which is made the basis of the action. The residence was destroyed by fire on the 25th day of November, 1929, and the barn and crib about eight or ten days later. No one, so far as the evidence discloses, was in the house at the time it was burned, and there was no eyewitness to either fire, that is, at the time the fire originated. The testimony tending to connect the plaintiff with the burning, as the guilty agent, was wholly circumstantial. We have read the evidence carefully, and are of the opinion that there was some testimony in the case which required its submission to the jury under defendant's special plea, whether slight, in its probative force, we are not called upon to here say. Therefore the plaintiff was not entitled to the general charge, and this conclusion necessitates a review of the case on errors assigned by appellant in the admission and exclusion of evidence, as well as on other questions presented for review.

█ Against objections and exceptions of the defendant the court permitted the plaintiff to make proof, by a number of witnesses, of the value of the property destroyed. The point of objection was that the witnesses were not shown to be qualified to give opinion evidence on the subject. Of course, whether the witnesses—one or all—were qualified, under the rules of evidence governing the admission of opinion evidence, was a question addressed to the court whose finding will not be disturbed, except in case of manifest mistake; or unless, as otherwise stated, the discretion has been improperly exercised. Cyc. vol. 17, page 31, and notes thereunder. Each of the witnesses examined on the subject of the value of the property testified that he knew the property, and knew the market value of the several buildings destroyed and gave their opinions as to the market value.

█ It is a settled rule of evidence that, when the witness knows the property, and

testifies that he knows the market value of the same, this proof, at least prima facie, meets the required test of qualification. The witness thus commits his conscience to the statement that he knows the property and knows its market value. In 22 Corpus Juris, p. 580, it is stated that "the witness' claim to knowledge may be sufficient to establish prima facie his qualification to be tested upon cross-examination."

In 17 Cyc. p. 116, the rule is thus stated: "(a) Ordinary Witness—(1) Personal Property. A witness, although other than the owner, whose actual knowledge is proved or can be assumed, as in case of common articles, but not otherwise, may state the value of personal property, such as farm or domestic animals, carriages, crops, houses, or other buildings."

In the case of Alabama Great So. Ry. Co. v. Moody, 92 Ala. 279, 9 So. 238, 239, it is said: "When the witness knows the property, no peculiar skill is requisite to qualify him to testify to its value; neither is it necessary that the opinion of the witness shall be based upon actual sales at the place. Though such sales are more reliable evidence of the market value, the witnesses may give their opinion, based upon general observation and experience and knowledge of the property and its intrinsic merits." Ward v. Reynolds, 32 Ala. 384; State v. Finch, 70 Iowa, 316, 30 N. W. 578, 59 Am. Rep. 443; Western Ry. Co. v. Price, 192 Ala. 430, 68 So. 278. Our statute, section 7656, is but declaratory of the common-law rule on the subject.

We hold, therefore, that the court committed no error in its rulings permitting plaintiff to prove, by the several witnesses, the value of the property.

█ It appears from the evidence that the plaintiff just prior to the first fire had a bale of cotton at, or near, the residence that was burned. The defendant sought to inquire of the witness Parker Welch, when this bale of cotton was moved, and propounded this question to the witness, "When was it moved?" The plaintiff objected to the question. The plaintiff was charged with the burning of the insured property, and the removal of other property by plaintiff in dangerous proximity to the house in case of its burning, was a circumstance that the defendant had the right to show, if he could. This question, as for any grounds of objection assigned thereto, called for legal, material, and relevant testimony, and the court committed error in sustaining plaintiff's objection thereto. It is true the plaintiff, while on the stand, testified that he removed the cotton on the evening of the fire, and before the fire, yet defendant was entitled to the evidence from the witness Welch as to the time when plaintiff removed the cotton.

█ The evidence showed, without conflict, that there were four buildings in the group, where the fire occurred, of which three were burned, but by two successive fires, about ten days intervening between the fires. The defendant sought, and offered to show, that the building, which was not destroyed, carried no insurance, and, to that end, and for that purpose, propounded the following question to the plaintiff, while testifying as a witness on his own behalf: "That little house was not burned?" The plaintiff objected on the ground "that it had nothing to do with the case, on further ground that it was illegal, immaterial and incompetent and shed no light on the issue involved in this case." The court sustained the objection, and refused to allow the defendant to make the proffered proof; to which defendant excepted. In this, there was error. Great American Ins. Co. v. Dover, 221 Ala. 612, 130 So. 335. The plaintiff evidently misconceived the purpose for which it was offered. If all the buildings, which were insured, were burned, by two different fires, and the one in which plaintiff had stored property, and which was not insured, was not burned, this fact was a circumstance, competent, relevant, and material, under the issues, to go to the jury.

█ There was no error in the refusal by the court to permit the defendant to read in evidence the instrument, purporting to be an application for the insurance policy issued by the defendant to the plaintiff on the property. The application was not signed by the plaintiff, he denied on the stand that he had made the answers to the questions therein set out, and there was no evidence offered by the defendant to show that he did. In this state of the record, the application being no part of the policy of insurance, it was admissible for no purpose, and in so holding the court's ruling was free from error.

█ The court, on motion of plaintiff, excluded that portion of the argument of defendant's attorney to the jury, which stated "that he did not learn about the house burning until next day." This argument referred to the time when the plaintiff learned of the burning of the house.

There was evidence in the case that plaintiff had said that he did not learn of the burning of the house until next day. The defendant's attorney was within the record when so arguing to the jury. Whether his argument was logical or illogical was of no moment, he had the right to make it without interference from the court, or from any one else. As was said by Stone, J., in the case of Cross v. State, 68 Ala. 476 (and often repeated in decisions of this court): "We would not embarrass free discussion, or regard the many hasty or exaggerated statements counsel often make in the heat of debate, which can not, and are not expected to

390

become, factors in the formation of the verdict. Such statements are usually valued at their true worth, and have no tendency to mislead. It is only when the statement is of a substantive, outside fact—stated as fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

In the case of Hobbs v. State, 74 Ala. 41, the same learned justice made this pertinent observation: "Trial courts would be treading on dangerous ground, were they to exercise a severe censorship over the line of argument counsel may pursue. They must not allow them to constitute themselves unsworn witnesses, and to state, as facts, matters of which there is no testimony. But we have gone no further. On the contrary, we expressly said, in Cross' Case [68 Ala. 476], that 'every inference counsel may think arises out of the testimony,' is a legitimate subject of criticism and discussion." Mitchell v. State, 114 Ala. 5, 6, 22 So. 71; Lide v. State, 133 Ala. 62, 63, 31 So. 953; Jones v. State, 136 Ala. 118, 34 So. 236.

It thus follows that, in excluding the excepted to portion of the argument of defendant's attorney to the jury, the court committed reversible error.

We have considered the other errors assigned by appellant, but find no reversible error.

For the errors above pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS· and BROWN, JJ., concur.