# Browning *et al. v.* Kelly *et al.*

## *Bill to Declare a Trust.*

1. *Witness; when incompetent to testify.*—Where a bill seeks relief against the estate of a deceased defendant, and also against another as a co-contractor with the deceased; and seeks to hold them jointly responsible; and that other is offered as a witness by the complainants, the representatives of the estate not consenting, the witness is not competent to testify; since his interest would seem to lie directly in conflict with the interest of the estate in the matter of shifting a burden from himself to the estate. And the fact of the position of the witness on the record, and the further fact that his interest in some respects was opposed also to the complainants, did not enable them to avoid the incompetency as to the estate by waiving it as to themselves.

2. *Same; when testimony of only one insufficient to establish contract.*—Where in a suit in equity involving large interests,

the defendants alleged as part of their defence that a parol agreement was entered into as part of a written contract; and it appeared that they were persons of business experience, assisted by counsel; and, further, that the only witness offered to prove the agreement had made different and inconsistent statements, as a witness, about the agreement, the testimony of such witness was insufficient to establish the agreement.

3. *Partner; when agreement by one does not bind the other.*—If a partnership exists between two parties in an undertaking with other parties, which is special and limited, and defined by written contract, a subsequent agreement entered into by one of the partners with the other parties, which is beyond the scope of the terms of the contract of partnership, is not binding on the other partner.

4. *Specific performance; when will not be decreed.*—A court will not entertain jurisdiction to specifically enforce a contract when it would be without power to enforce its decree. Hence, where by contract the defendants to a suit in equity agreed to endeavor to reorganize a company, and to give certain direction to the policy of the new organization, the matters provided for in the contract are not such the performance of which lies within the power of the court to compel.

5. *Contract; court will not enforce one part only, when.*—A court of equity will not enforce one part of a contract to the exclusion of others, unless they are separate and independent stipulations.

6. *Constructive trust; what is.*—A constructive trust is the invention of equity to the end of preventing wrong. It follows the property which has been wrongfully dealt with into whatever form it may be traced, and is not defeated by a mere change in the character of the property.

APPEAL from St. Clair Chancery Court.

Heard before Hon. J. R. DOWDELL.

Bill by Browning and others against Kelly and others. This cause was on a former occasion before the Supreme Court on appeal from a decree of the chancery court on the demurrers to the bill of complaint, *Kelly v. Browning*, 113 Ala. 420. The opinion rendered on that appeal fully and clearly sets forth the case made by the bill. These facts need only to be concisely stated here. The parties to the original suit were owners of stock in the East & West Railroad Company, a corporation, and also of certain bonds which were issued by the company, and which were secured by a mortgage on the road. A

creditor of the company filed a bill to annul the mortgage bonds; and in this suit a receiver was appointed to take charge of the property pending the litigation. Receiver's certificates were issued by order of the court, which were declared to be a first lien on the road property. The complainants and defendants to this bill as originally filed, entered into a written agrrement by the terms of which the complainants were to turn over to the defendants their stock and bonds, and the defendants were to endeavor to effect a reorganization of the company, and in that event, to deliver to the complainants a certain proportion of the stock and bonds of the new company. The reorganization did not take place. A bill was filed at the instance of the respondents to this suit, to foreclose the mortgage given to secure the bonds, and decree was rendered and the road ordered to be sold. At the sale the respondent, Kelly, became the purchaser; and refused thereafter to execute his contract with the complainants. After this cause was remanded on the former appeal, the complainants amended their bill and set up a parol agreement between the complainants and respondents to the effect that, the respondents were to indmnify and save the complainants harmless from all liability or loss on account of the receiver certificates. It was claimed that this agreement was made by Byrne with complainants and ratified by Kelly, and that it was binding on Kelly whether the ratification was proven or not on the ground that Byrne & Kelly were partners.

The matters presented and decided on this appeal arising out of facts are: 1. Whether the parol agreement was sufficiently proven; 2. Whether a trust should be declared in favor of complainants; 3. What interest should be decreed to complainants in the road property purchased by Kelly—whether an interest which according to the contract, they were to have on the reorganization of the company, or only an interest which they were entitled to in the original company; 4. Whether or not the complainants were responsible in any way for and on account of the receiver's certificates. This last proposition was dependent on the establishment or not of the parol agreement.

[Browning *et al.* v. Kelly *et al.*]

WAGER SWAYNE, F. S. FERGUSON and J. W. INZER, for appellant.—1. The interest which will disqualify a witness must be one in favor both of the witness himself and of the party calling him.—*Williams v. Jones,* 2 Ala. 314; *Hallet v. O'Brien,* 3 Ala. 455; *Moore v. Henderson,* 18 Ala. 232; *Colgin v. Redman,* 20 Ala. 650; *Houston v. Critchfield,* 22 Ala. 76; *Sanford v. Brown,* 29 Ala. 684.

2. A joint debtor is competent in all other respects than to prove a joint liability.—*Kornagay v. Salle,* 12 Ala. 534; *McCall v. Sinclair,* 14 Ala. 746; *Dickson v. Collins,* 17 Ala. 635; *Crawford v. Barkly,* 18 Ala. 270.

3. John Byrne was a competent witness. He was called to testify against his own interest. He was called by the party to whom his interest was opposed.—*Street v. Street,* 21 So. Rep. 138; *Cousins v. Jackson,* 52 Ala. 262; *Clements v. Hood,* 57 Ala. 459.

4. Edward and John Browning were competent witnesses. Their evidence was confined to transactions with Byrne, and not to any conversation with a deceased person.—*Avery v. Avery,* 49 Ala. 193; *Ins. Co. v. Saunders,* 43 Ala. 115; *Rowland v. Plummer,* 50 Ala. 182; *O'Neal v. Reynolds,* 42 Ala. 197; *Huckabee v. Nelson,* 54 Ala. 12.

5. Byrne was partner of Kelly, and had the right to contract in the name of both.—*Fail v. McArthur,* 31 Ala. 26; *Smithe v. Cureton,* 31 Ala. 652; *Jemison v. Minor,* 34 Ala. 33; *Rice v. Jackson,* 171 Pa. St. 89; *Hoffman v. Toll,* 2 Ind. App. 287.

ALEX *T.* LONDON and JOHN LONDON, *contra.*—1. Byrne and Edward and John Browning not competent witnesses.—*Louis v. Easton,* 50 Ala. 470; *McCrary v. Rush,* 60 Ala. 374; *Drew v. Summins,* 58 Ala. 463; *Ala. Gold Life Ins. Co. v. Sledge,* 62 Ala. 566; *Boykin v. Smith,* 65 Ala. 294; *Dismukes v. Tolson,* 67 Ala. 386; *Keel v. Larkin,* 72 Ala. 473; *Goodlet v. Kelly,* 74 Ala. 213; *Wood v. Brewer,* 73 Ala. 259; *Miller v. Cannon,* 84 Ala. 59; *Weinstein v. Patrick,* 75 N. C. 345; *Gully v. Macy,* 84 N. C. 434; *Owens v. Phelps,* 92 Ala. 231; *Hubbell v. Hubbell,* 22 O. St. 208; *Dolan v. Dolan,* 89 Ala. 256; *Sublett v. Hodges,* 88 Ala. 491.

2. Parol evidence not admissible to modify the original agreement.—2 Reed Stat. Frauds, 454; *Lecroy v. Wiggins*, 31 Ala. 13; *Butters v. Davis*, 88 Ala. 367; *Emerson v. Seamens*, 9 Wall. 254.   3. No allegation or proof to establish the parol agreement now relied on. *Goodwyn v. Lyon*, 4 Port. 297; *Aday v. Echols*, 18 Ala. 253; *Bogan v. Daughdrill*, 51 Ala. 312; *Shelburne v. Letsigner*, 52 Ala. 96; *Cox v. Cox*, 59 Ala. 591; *Carlisle v. Carlisle*, 77 Ala. 339.

4. Kelly not bound by agreement of Byrne to waive priority of the certificates.—1 Lindley on Part. (2 Am. ed.) 125.

SHARPE, J.—The character and purposes of the bill of complaint are shown in the report of the case heard upon a former appeal from a decree on demurrers to the bill.   See *Kelly v. Browning*, 113 Ala. 420.   On that appeal it was held in effect that the bill was well filed to establish in favor of complainants an equitable interest in the railroad property, which was the subject of their contract made with the defendants on May 11th, 1888. The decision was apparently upon the consideration that one effect of the agreement, was to place the original defendants Kelly and Byrne in the position of agents or representatives of the original complainants in carrying out the contemplated reorganization of the railroad corporation and that Kelly could not rightfully take advantage of the powers derived from that agency, to further his individual acquisition of the entire property, to the extinguishment of the interest represented by the complainants' stock and bonds.   The equity of the bill as then recognized by this court is thus stated in the opinion:   "We are satisfied that if the averments of the bill be sustained by the evidence, that complainants have an equitable interest in the property purchased by Kelly, and that without regard to the *bona fides* of his intention in procuring the issue of receiver's certificates or the decree of foreclosure of sale or the purchase of the property.   If these steps were taken by him and property purchased in good faith to carry out the agreement, and he refuses now to perform it, in a court of equity he holds the property in trust for the complainants to the

extent of their proportionate interest. If these proceedings were taken apparently in good faith with the secret purpose on his part to defraud complainants, it will avail him nothing. Having succeeded in purchasing the railroad and taking the title to himself under his agreement with complainants, acting in the capacity of agent or trustee and by the use of their property, he is in equity a trustee." It was further held in effect that under the facts alleged it would be assumed that the railroad had been improved and its value enhanced by Kelly's money furnished to the receiver of the road upon his first lien certificates to the issuance of which complainants had consented, and that because in such increased value complainants had been benefited in proportion to their interest in the property they were equitably bound to reimburse Kelly in the same proportion, as a condition to the relief indicated.

In the opinion some stress was laid upon the fact appearing in the bill, that complainants had consented to the proceedings in the federal court under which the receiver's certificates were issued and made a first lien on the property, and the discharge of this lien by Kelly's purchase of the certificates was also mentioned as a benefit accruing to complainants from the use of Kelly's money. We adhere to the former opinion upon the case as then presented and have now to consider what different aspect if any it assumed on final hearing.

After the remandent of the cause the complainants by an amendment to the bill set up in effect that when the issuance of the certificates was being moved for in the federal court, their consent to the measure was given upon the oral promise or agreement of Kelly and Byrne "that they would indemnify and save harmless the said Edward F. Browning, John Hull Browning and Amos G. West, against any prior lien of any receiver's certificates to be issued and that they would at their own expense cause said certificates to be paid off and retired without cost to said Edward F. Browning, John Hull Browning and Amos G. West, so that the bonds which they were by said contract entitled to receive, should be a first lien upon the said railroad and property covered by said contract."

To prove the new agreement so alleged there was offered in behalf of complainants the depositions of Edward F. and John Hull Browning and of the defendant John Byrne, besides that of William C. Browning who was not a party to either the contract or the suit. Kelly having died since the suit begun, and his estate being interested in the result, the chancellor rejected that part of the depositions of the first named three witnesses which told of transactions with and statements made by Kelly respecting the new agreement; holding that under section 2765 of the Code of 1886 (present Code section 1794) each of them was incompetent by reason of interest to testify of such matters.

That the disqualification exists as to Edward F. and John H. Browning who are complainants in that suit is not seriously questioned.

The bill prays relief not only against Kelly's estate, but against Byrne as a co-contractor with Kelly. In one aspect it seeks to hold Byrne accountable jointly with the estate for the value of complainants' stocks and bonds as well as to fasten a trust on the property. It also claims of him as well as of Kelly's representatives, contribution to counsel fees alleged to have been expended under the contract.

To subject the property bought by Kelly to the joint liability thus sought to be enforced, would be to shift a burden from Byrne individually, and his interest would seem to lie directly in the accomplishment of such a result.

Under decisions of this court involving similar questions Byrne was an interested witness—*Sublett v. Hodges,* 88 Ala. 491; *Lewis v. Post,* 1 Ala. 65; *Dickson v. Collins,* 17 Ala. 635; *Barney v. Earle,* 20 Ala. 405; *Keel v. Larkin,* 72 Ala. 493.

In the respect noticed, Byrne's interest was opposed to that of Kelly's estate, and such opposite interest disqualified him to testify as to statements by and transactions with Kelly without a waiver of the incompetency by representatives of the estate. That his position on the record, and his interest in some respects was opposed also to the complainants, did not enable them to avoid the incompetency as to the estate by waiving

it as to themselves.—*Sublett v. Hodges, supra; Dolan v. Dolan,* 89 Ala. 256.

Thus the alleged parol agreement so far as it is attributed to Kelly, rests alone on the testimony of William C. Browning. The first deposition of this witness was taken *de bene esse* in January, 1894, while Kely lived. Then, when asked whether he knew that the receiver's certificates were issued with the consent of his brothers he testified, "I do by hearsay. I do not know anything else about it. I know nothing of the facts. Well I am supposed to know that receiver's certificates were issued, although I don't know the fact yet I suppose they were." About three years later, he testified in effect that he was present when the consent to the issuance of the certificates was given and heard Kelly make the alleged promise.

That persons of business experience assisted by counsel representing the adverse interests would in a transaction of such magnitude leave so important a promise to rest wholly in parol is in itself somewhat improbable. In view of the existing circumstances, the testimony of a single witness whose statements about the main fact in issue are in themselves inconsistent, is insufficient to establish the agreement alleged in the amended bill.

If a partnership existed between Kelly and Byrne, it was special and limited to the undertaking defined by the contract of May 11th, 1888, and complainants had no reason to assume that it had broader scope. It cannot be gathered from that contract that Kelly and Byrne undertook to change the road from narrow to broad gauge, or to equip or operate it, or to furnish money for those purposes. Subsequent agreements to such ends were beyond the scope of the original undertaking; and any such agreements made by Byrne alone are not shown to have been binding on Kelly.

Whether the alleged oral agreement, if it had been proved as against Kelly, would have altered the required relief, need not be considered.

The complainants urge that the final decree should have awarded them an unconditional interest in the property and franchises purchased by Kelly, in like proportion as that interest was to arise in the cotemplated

[Browning *et al.* v. Kelly *et al.*]

new organization under the contract of May 11, 1888; and they further insist that upon the same basis the decree should have directed a mutual accounting for counsel fees expended. If the relief to be afforded lay in the specific enforcement of the contract, such insistence would be recognized as having force. But the contract is incapable of enforcement. It created no express trust, and it created no absolute undertaking on the part of Kelly and Byrne to deliver securities to the Brownings and West in any amount. The promise was to so deliver when the new organization was effected and its securities issued upon the defined basis—an event which has never occurred, and which Kelly and Byrne did not agree to certainly obtain. The stipulation was that they would "endeavor" to obtain it. The enterprise was one which necessarily depended not only on the reorganization of the company, but also upon the policy which it as a corporate body might adopt; and its accomplishment could not have been foreseen with certainty. The contract will be construed with reference to the character of the thing to be done and the situation of the parties; and so construing it, the word endeavor cannot be expunged or accorded other than its usual meaning. It appears from such construction that the undertaking on the part of Kelly and Byrne was not intended to be enforceable, but was tentative merely according to its import.

The court does not entertain jurisdiction to specifically enforce a contract when it would be without power to enforce its decree. 3 Pom. Eq. Jur. § 1405; Pom. on Con. § 303; Waterman on Spec. Perf. § 49; Ib. § 390; Fry on Spec. Perf. § 970.

The court cannot compel endeavor, nor can it compel the reorganization of the company or control its policy with respect to the amount of capital stock or the bonds which it should issue.

The proposed division of the expense of counsel fees, was made incidental to, and dependent upon, the main scheme of reorganzation. It was to be had only upon the payment and delivery of the new securities, and in proportion to the holdings of the parties therein as they would have existed if the scheme had been carried

out. The same reasons which defeat performance of the contract in other respects defeat it in this part also. Besides the court will not enforce one part of a contract to the exclusion of others unless they are separate and independent stipulations. Waterman on Set-off, § 389.

The remedy which can be afforded is by the establishment of a constructive trust upon the princple first referred to. Such a trust is the invention of equity to the end of preventing wrong. It follows the property which has been wrongly dealt with into whatever form it may be traced, and is not defeated by a mere change in the character of the property. Pom. Eq. Jur. § 1058; Perry on Trusts, § 166. The trust being created *in invitum*, the relief is administered independent of contract and aims at restoration of the parties to the *status quo* they originally occupied. That end is approximately reached in the present case, by establishing in the railroad property, an interest proportionate to that which they transferred to Kelly and Bryne in the corporate property. But it would be plainly inequitable to award them such ownership in the property without requiring them to requite Kelly's estate for the money supplied by Kelly, and which the uncontradicted proof shows was expended judiciously if not necessarily, in the improvement and maintainence of the road, and in freeing it of incumbrances.

Such is the relief foreshadowed by the former opinion, and such the decree appealed from has substantially provided.

The decree however is indefinite as to the time for computing interest in favor of Kelly's estate upon the sums to which complainants are required to contribute. In that respect it will be here amended so as to direct, that such interest shall stop at the date when Kelly purchased the road. After the purchase of the property its use stands in lieu of interest.

The decree will be further amended so that the time allowed the complainants for electing in the mode it prescribes whether to accept its terms, be extended to sixty days from the 23d day of December, 1899. As so amended the decree will be affirmed at appellants' cost.

[Browning *et al.* v. Kelly *et al.*]

ON APPLICATION FOR REHEARING.

PER CURIAM.—Since the foregoing opinion was rendered the executors of Eugene Kelly's will have petitioned to have modified the order of this court in so far as it directs that the running of interest in favor of Kelly's estate be stopped at the date of his purchase of the Railroad property.

The directions given n the chancery decree for stating the account were not discussed on the hearing of the main case.

Upon consideration of this petition the court if of the opinion that instating the account the complainants should be charged with 966-1085 of the interest upon all sums of money expended by Kelly to discharge incumbrances upon the property; which liens are specified by the decree of the Chancery Court; which interest is to be calculated to the date of the stating of the account. They should be charged in the same proportion with a sum equal to the increased value of the property existing by reason of permanent improvements, if any, made since Kelly's purchase, not to exceed the cost of such improvements.

Kelly's estate should be charged with 966-1085 of the reasonable rental value of the property from the date of his purchase of the same or at the complainants' election, for the net income and profits arising out of the property after the purchase by Kelly to the date of the stating of the account.

A decree will be here rendered modifying the decree of this court heretofore rendered on this appeal and also the decree of the Chancery Court, in accordance with the views expressed in this opinion.