# Loring *v.* Grummon, *et al.*

*Bill to Reform Deed.*

(Decided January 9, 1912. Rehearing denied February 15, 1912.
57 South. 819.)

*Witnesses; Competency; Widow.*—A widow suing the heirs of her deceased husband to reform a deed taken by him in his own name, her theory being that the land was bought by him as trustee for her, is not competent to testify as to the transaction with him.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

[Loring v. Grummon, et al.]

Bill by Mary A. Loring against Sidnia S. Grummon and others, to reform a deed. From a decree dismissing the bill complainant appeals. Affirmed.

See *Loring v. Grummon, et al.,* infra; 57 South. 818.

BOYKIN & BAILEY, and A. G. LEVY, for appellant. The law established a trust because of the fact that the husband purchased as agent of the wife with her funds, and took title to himself.—*Beddow v. Shepherd,* 118 Ala. 474, and cases cited; *Haney v. Legg,* 129 Ala. 619. Where people occupy fiduciary relations and acquire rights antagonistic to the interest of the other, equity will enforce and declare a constructive trust, and place the parties and title where they properly belong.—*Savage v. Johnson,* 125 Ala. 573; *Lagarde v. Anniston,* 126 Ala. 496; *Moore v. McLure,* 124 Ala. 120; *Griswold v. Griswold,* 111 Ala. 572; *Waller v. Jones,* 107 Ala. 331; 2 A. & E. Enc. of Law, 1198. The court was in error in excluding the testimony of Mrs. Loring.—*Stiff v. Cobb,* 126 Ala. 381; *Gable v. Whitehead,* 94 Ala. 335; *Pittman v. Pittman,* 124 Ala. 306; *Beasley v. Clark,* 102 Ala. 254.

HOWARD & HUNT, for appellee. Neither the allegation nor the proof are sufficiently strong and precise to establish a resulting trust in land.—*Gilbreath v. Farrow,* 147 Ala. 183; *McCall v. Rogers,* 77 Ala. 352; *Mobile L. I. Co. v. Randall,* 71 Ala. 220; *Lehman v. Lewis,* 62 Ala. 133; *Holloway v. Wilkerson,* 150 Ala. 297. The wife of the deceased husband, seeking by her bill to diminish the estate of her husband, was not competent to testify.

ANDERSON, J.—This bill seeks the reformation of a deed taken by Chas. A. Loring in his own name upon

the theory that the land was bought by him as trustee for the complainant, his wife, and with her funds. With the testimony of the complainant as to the transaction with her deceased husband properly excluded, the only theory upon which she could support the bill is that she owned the hotel property; that this little strip was necessarily bought for the purpose of completing ownership to the spring and making it an inseparable part of the hotel property; and that it was paid for with funds earned by her in running the hotel. In a companion case to this one infra, 57 South. 818, we held that Chas. A. Loring, and not the respondent, owned the hotel properly; therefore she has utterly failed to make out her case, and the chancery court properly dismissed her bill of complaint.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.