## *Ex parte* Whitehead.

### *Mandamus.*

(Decided January 14, 1913. Rehearing denied February 3, 1913.
60 South. 924.)

1. *Divorce; Temporary Alimony; Ability.*—A husband's ability to pay temporary alimony in a suit against him for divorce is not to be determined by a reference merely to the amount of his invested capital, but the court will take into consideration his age, vigor, and other earning capacities.

2. *Same; Enforcement.*—Where a decree for alimony has been rendered against the defendant and the defendant will not work, the court is without power to compel him to do so by imprisonment; but, if he is contumacious and has property that may be reached, the court may compel obedience to its decree by the ordinary chancery writ.

Original Petition in Supreme Court.

Petition by R. D. Whitehead for mandamus directed to the Honorable A. H. BENNERS to compel him to vacate and avoid a decree granting temporary alimony and for other relief. Writ denied.

E. N. HAMIL, for petitioner. Section 3803, Code 1907, makes alimony payable as a matter of right and payable out of the estate only of the husband. It would appear therefore, not only that the alimony was excessive, but that the court was without authority to take into consideration in fixing alimony anything other than the estate of the respondent.

[Ex parte Whitehead.]

STALLINGS & DRENNAN, for respondent. The allowance of alimony pendente lite is a matter of right and the amount is largely within the discretion of the chancellor having reference of course, to the age, vigor, business ability and estate of the husband. Being discretionary it will not be reviewed except on a strong showing of error.—*Edwards v. Edwards,* 80 Ala. 97; *Murray v. Murray,* 84 Ala. 365; *Rast v. Rast,* 113 Ala. 319.

SAYRE, J.—Petitioner was sued for a divorce, and the chancellor in due course made a decree requiring him to pay to complainant for the support of herself and her infant child pendente lite the sum of $60 a month. If an allowance for alimony pendente lite ought to be limited with reference to the earning capacity of petitioner's invested capital, the amount decreed would be considered excessive. But petitioner's earning capacity is not limited to his income from invested capital. He is young and vigorous and has been actively engaged in business, earning on an average, as we roughly estimate, from $150 to $175 a month, probably a good deal more. The wife has no other source of income whatever, and is dependent upon the provision the court may make for her. Petitioner's idea that the court ought not to consider his personal earning capacity apparently concedes that if it might be properly taken into account the allowance is not excessive. That is not our opinion as to the law of the case. The allowance may be based upon the husband's earnings or his ability to earn money in connection with all the circumstances of the case.—1 Bish. Mar. & Div. (6th Ed.) § 457; 2 Am. & Eng. Encyc. 123. It is not at all difficult to see the inequity of the rule which would exclude personal capacity from consideration. This court did

not adopt a contrary rule in *Webb. v. Webb,* 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30. On the contrary, seeming rather to recognize the rule of the courts generally, this court held only that, if a defendant against whom alimony has been awarded will not work, the court is without the power of compulsion by imprisonment to make him work. But if the defendant is contumacious or has property that may be reached, the court will compel obedience to its decree by such writs as customarily issue out of courts of chancery for the execution of justice. If, however, a defendant's circumstances so change subsequent to the decree as to render its enforcement unjust and oppressive, it is always within the power of the court to modify it to meet changed conditions.

We find no error in the chancellor's interlocutory decree, and the writ of mandamus for its correction will be denied.

Mandamus denied.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.