. 163 So. 323

**DUNN v. MARTIN.**

8 Div. 666.

Supreme Court of Alabama.

June 20, 1935.

Rehearing Denied Oct. 10, 1935.

Bradshaw & Barnett, of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

THOMAS, Justice.

The suit was in detinue and resulted in a judgment for plaintiff.

The errors assigned are that the court erred in permitting plaintiff to testify that her aunt gave her the property sued for, and in overruling appellant's motion for a new trial.

If the evidence other than that of appellee showed a consummated gift and delivery of the property by defendant's aunt many years before her death, the gift being so completed (Davis v. Wachter, 224 Ala. 306, 140 So. 361; Thomas v. Tilley et al., 147 Ala. 189, 41 So. 854), would not come within the inhibitions of the statute as to transactions with a deceased if the estate was not interested. Section 7721, Code 1923; Dent et al. v. Foy et al., 210 Ala. 475, 98 So. 390; Hodges v. Denny, 86 Ala. 226, 228, 5 So. 492; Boykin v. Smith, 65 Ala. 294, 299. If the plaintiff's statement of the gift were true, the estate did not own the property; if untrue, the estate may have owned it, unless the possession may have affected the title, to which latter fact she could testify; hence the estate was interested in the question as to which witness was called upon to testify as to the gift vel non. And the objection of the defendant to the question of whether or not the aunt gave plaintiff the bed should have been sustained. Chitwood et al. v. Blackwood et al., 220 Ala. 75, 124 So. 110; Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63; Stephens v. Williams, 226 Ala. 534, 147 So. 608; O'Rear et al. v. Kimbro, 227 Ala. 22, 148 So. 435; Hunt et al. v. Murdock, 229 Ala. 277, 156 So. 841; Qualls v. Monroe County Bank, 229 Ala. 315, 156 So. 846; Lindsey v. Lindsey et al., 229 Ala. 578, 158 So. 522; Harwood, Adm'r, v. Harper et al., 54 Ala. 659; McDonald v. Jacobs, 77 Ala. 524;

Dolan v. Dolan, 89 Ala. 256, 7 So. 425; Loring v. Grummon et al., 176 Ala. 240, 57 So. 819. It may be said that in the case of Dent et al. v. Foy et al., supra, in neither alternative did the property belong to the estate.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All the justices concur, except KNIGHT, J., not sitting.