42 So.2d 352

**HALBROOKS v. HALBROOKS.**

8 Div. 463.

Supreme Court of Alabama.

June 23, 1949.

Rehearing Denied Oct. 27, 1949.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the petition.

W. A. Barnett, of Florence, opposed.

J. N. Powell, Hartselle, for appellant.

S. A. Lynne, Decatur, for appellee.

SIMPSON, Justice.

John Astor Halbrooks, who brings this appeal, filed suit for divorce against his

wife, Beatrice Halbrooks, on the ground of voluntary abandonment and later amended the complaint by alleging adultery. On a hearing on evidence taken partly by deposition and partly ore tenus in open court, a final decree was rendered denying him relief but granting the defendant's prayer, made by way of cross-bill, for the payment of a stipulated monthly sum for the support and maintenance of their minor child.

■ The appeal does not seem to challenge the award for the child, nor do any assignments assert error in the dismissal of Halbrooks' bill and denying relief thereunder. There is argument in brief which does challenge the decree in the last regard mentioned, but no assignment of error is made challenging it, and the argument can well be disregarded under the rule. Supreme Court Rule 1, Code 1940, Tit. 7 Appendix; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

In fact, the assignments of error are so general, uncertain, and argumentative that it is doubtful in our minds whether, under the rule, they merit treatment, but we will give attention to them anyway, since but little discussion in response is necessary.

■■ There was no error in permitting the two persons, alleged in the amended bill to have committed acts of adultery with the defendant, to testify in denial of the charge. It was, of course, quite proper that the defendant introduce these witnesses to give such testimony in disproof of that allegation.

Nor was there error because the defendant did not appear in open court and deny the accusation against her. Her answer denying this allegation filed before final submission and decree was sufficient to this end and the evidence adduced in support thereof was likewise sufficient to justify the decree dismissing the bill.

So considered, no error to reverse is made to appear.

. Affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.