57 So.2d 519

### WILSON v. WILSON.

6 Div. 325.

Supreme Court of Alabama.

March 13, 1952.

Bland & Bland, Cullman, for appellant.

Russell W. Lynne, Decatur, for appellee.

STAKELY, Justice.

Bertha Wilson filed her bill against her husband Elbert C. Wilson for divorce on the ground of cruelty and in addition thereto sought a sale for division of certain real and personal property, alimony and solicitor's fees. Elbert C. Wilson filed an answer and cross-bill in which he sought a divorce from his wife on the ground of voluntary abandonment. The case was heard orally before the court and the court in its final decree denied Bertha Wilson a divorce and decreed to Elbert C. Wilson a divorce on the ground of voluntary abandonment. The court further decreed a resulting trust in favor of Bertha Wilson in an undivided one-half interest in the real estate and ordered a sale thereof for division, subject to a mortgage on the real estate held by W. A. Plunkett. The court further decreed that the evidence was not sufficient concerning the personal property to identify properly the personal property

and retained jurisdiction to make further orders concerning the personal property. From the foregoing decree Bertha Wilson has appealed and Elbert C. Wilson makes cross-assignments of error in respect to that feature of the decree which established a resulting trust.

No good purpose can be served by setting out here the details of the tragic failure of this marriage. It is sufficient to say that the parties were married in 1940 when they were both working in a defense plant and each was earning good wages. They purchased a home with money furnished by both and when they had a former misunderstanding they sold this home and the money received from the sale was divided equally. Later they renewed their affections for each other and then purchased the home in question in this suit and took up their marriage relationship again. The marriage is childless.

The husband left home apparently on good terms with his wife to seek employment in a distant locality. Within a week after he departed rumors apparently came to the wife that her husband had left and did not intend to return. Without waiting to hear from her husband, she immediately took steps to obtain a divorce and bring this suit. She left the home and took a part of the personal property with her.

The husband is not without fault. There are tendencies of the evidence to show that he had cursed and abused his wife. But there are also tendencies of the evidence going to show that if these matters had occurred, they had been forgiven. The evidence tends to show that the parties were living in a happy marriage at least for a short time before the husband left home.

■■ There seems to be no doubt that Bertha Wilson furnished one-half of the purchase money used in purchasing the real estate involved in the suit. The deed was made to Elbert C. Wilson. Elbert C. Wilson testified that at the time the deed was made he did not tell his wife anything about putting the place in his name, that there was nothing said about it, that Jack Steele and Homer Chandler—Real Estate Agents—didn't know her name when they made the deed and they put it in his name, that he didn't mind her name being on the deed at all. It is settled that a resulting trust will be decreed in favor of the wife where the husband invests her money in real and personal property and takes title in his own name. If only a portion of the purchase money belonged to the wife, a resulting trust arises to the extent of the sum so used. Thornton v. Rodgers, 251 Ala. 553, 38 So.2d 479; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81. Furthermore where the wife pays for the property and the title is taken in the name of the husband, there is no presumption of a gift. Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843; Adams v. Griffin, 253 Ala. 371, 45 So.2d 22.

■■ As we have pointed out the case was heard orally before the trial judge. He had the witnesses before him, heard their testimony and observed their demeanor on the witness stand. Since we cannot say that the decree rendered by him is palpably wrong, it will not be disturbed. Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489; Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

The decree of the lower court is due to be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON JJ., concur.