92 So.2d 24

**S. W. H. TODD**

v.

**Claude DEVANEY et al.**

**8 Div. 886.**

Supreme Court of Alabama.

Jan. 17, 1957.

Guin & Guin and Key & Williams, Russellville, for appellees.

**MERRILL, Justice.**

Appellees filed a bill seeking a declaratory judgment as to their rights in fifty acres of land in Franklin County. The bill showed that Devaney and Wilson owned the tract in 1933 when they conveyed the surface rights to R. P. Millican, reserving the mining rights. In 1943, Millican conveyed his rights to appellant. In November, 1954, the executors and heirs of Devaney and Wilson, who are parties complainant, leased the mining rights in forty acres of this tract to Tennessee Valley Sand and Gravel Company, also a complainant. The two deeds and the lease are made exhibits to the bill. The Sand and Gravel Company undertook to enter and remove sand and gravel from the tract but appellant denied to them the right of entry. Thereupon, the lessors and the lessee joined as complainants in the bill

Harry Strange, Russellville, for appellant.

**488**

seeking a declaratory judgment and other incidental relief.

Appellant's demurrer was overruled and he appealed. That appeal was dismissed by this Court, Todd v. Devaney, 264 Ala. 615, 88 So.2d 696. The case was then tried on the merits and the lower court found in favor of complainants.

The controversy was over the construction of the deed from Devaney and Wilson to Millican. The words of conveyance read " * * * do grant, bargain, sell and convey to the said R. P. Millican the following described right, to wit:

"The surface right, except as hereinafter reserved and limited, in and to the following described lands * * *"

The covenant of warranty reads: "and we do covenant with the said R. P. Millican, his heirs and assigns, that we own the property right hereinabove conveyed * * *." The reservation was as follows:

"The grantors herein reserve for themselves, their heirs and assigns, all commercial sand, gravel, mineral and mineral substances in, under and upon the said lands, together with the right to enter and remove the same and in and about such entry and removal to occupy and destroy any part of the surface thereof, and to use any timber and water thereon; all without liability to account therefor or to pay damages therefor, whether direct, indirect or consequential."

Appellant insisted that the reservation is void and he was entitled to deny entry to the Sand and Gravel Company. The trial court ruled against this contention and appellant brings this appeal.

■ The assignments of error are of importance because appellant argues points not covered by the three assignments. Where no assignment of error has been made challenging a part or feature of a decree, the argument in brief on such points can well be disregarded by this court. Halbrooks v. Halbrooks, 252 Ala. 667, 42 So.2d 352, and cases cited.

■ The first assignment of error reads:

"The Court erred in failing to define in its final decree the quantum of the estate granted by mesne conveyance to the Appellant."

With the demurrer to his crossbill sustained, the appellant is in no position to complain of the court's failure to grant him, the respondent in the cause, affirmative relief. That can only be sought by a crossbill. But aside from the technicalities, the decree does state what right appellant received. Paragraph 7 of the decree holds that Millican received only the surface right, and paragraph 8 holds that appellant acquired only such rights and interests as were conveyed to Millican, and acquired the same subject to the reservations in the deed to Millican. It is not necessary to discuss the conveyance from Millican to appellant, because appellant received only such right as Millican could convey to him

■ The second assignment of error is:

"The Court erred in failing to define in its final decree the intention of the parties to the conveyance from Appellees to Millican."

There was no necessity for the decree to define specifically the intention of the parties because, in holding that the deed to Millican conveyed only the surface rights and that the retention of the mineral rights gave the grantors or their assignees the right to enter and mine the property, the court necessarily found that the intention of the parties, as gathered from the four corners of the instrument, was to accomplish that end, The intention of the parties to a written contract is derived from the provisions of the contract, and when the meaning of the conveyance in question was defined, the intention of the parties was necessarily defined.

 The third assignment of error reads:

"The Court erred in rendering its decree over-ruling Respondent's (Appellant's) demurrers to the bill of complaint."

Appellant argues two propositions under this assignment; first, that there is no equity in the bill, and second, that there is a misjoinder of parties complainant.

The bill does contain equity. It did present a justiciable controversy between the parties which could be settled by a decree declaring the construction of the conveyance to Millican. Tit. 7, § 157, Code 1940, reads:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

The lessee, Tennessee Valley Sand & Gravel Company, is "interested" because it wants to mine the property. The other complainants are "interested" because they claim to own the mineral interest and will receive royalties under the lease as the property is mined each month. We think this disposes of both propositions under the third assignment of error, but as to the contention that there is a misjoinder of parties complainant, there is no ground of demurrer raising that point. Argument as to misjoinder of parties will not be considered where the demurrer failed to challenge the bill of complaint on that ground. Irvin v. Irvin, 207 Ala. 493, 93 So. 517; Campbell v. Jackson, 257 Ala. 618, 60 So.2d 252; Tit. 7, § 236, Code 1940.

Since none of the assignments of error are well taken, the decree must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.