104 So.2d 700

Ernest L. RYAN

v.

Elsie Roberts RYAN.

Ex parte Ernest L. RYAN.

In re Elsie Roberts RYAN.

v.

Ernest L. RYAN.

6 Div. 893, 880.

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied Aug. 28, 1958.

R. G. Kelton, Oneonta, and Roy D. Mc-Cord, Gadsden, for appellant and petitioner.

Johnson & Randall, Oneonta, for appellee.

SIMPSON, Justice.

Consolidated and submitted together.

These cases were respectively assigned to three other Justices, one now deceased, in the order of their ascension to the Bench. The cases have just *recently* been assigned to the author of this opinion.

Ernest Ryan v. Elsie Roberts Ryan
(6 Div. 893)

## 680

■ This is an appeal from a final decree granting the appellee, complainant below, a divorce on the ground of cruelty. Said decree also awarded the custody of the minor child to the appellee, imposed a resulting trust in favor of the appellee upon certain property, awarded attorney's fees, temporary and permanent alimony to the appellee and dismissed the appellant's cross-bill charging appellee with adultery and asking for a divorce on such ground.

The appellant first assigns as error the dismissal of his cross-bill by the trial court. The evidence shows that appellee's alleged paramour had been more or less reared in the home of the appellant and the appellee; he had also worked for appellant for many years. Appellee and her alleged paramour denied appellant's charge of adultery, and there was other evidence to refute the charge. The entire evidence relative to the adultery of appellee creates at most a mere suspicion and we think the trial court ruled correctly in holding it to be insufficient to prove adultery. We find no error in the dismissal of the cross-bill. Windham v. Windham, 234 Ala. 309, 174 So. 500; Chamblee .v. Chamblee, 255 Ala. 35, 49 So. 2d 917; Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559; Brown v. Brown, 229 Ala. 471, 158 So. 311; Halbrooks v. Halbrooks, 252 Ala. 667, 42 So.2d 352.

■ Appellant urges error on the part of the trial court in permitting the appellee to give her opinion as to the value of certain property held by the appellant. Appellee was familiar with the property and testified that she knew the reasonable market value thereof. The trial court did not, therefore, abuse its discretion in admitting this testimony. American Insurance Co. of Newark, N. J. v. Fuller, 224 Ala. 387, 140 So. 555; Housing Authority of City of Decatur v. Decatur Land Co., 258 Ala. 607, 64 So.2d 594; 32 C.J.S. Evidence § 545.

■ The appellant also claims error in the ruling below establishing a resulting trust in favor of the appellee on certain property known as the Sellers property, the legal title of which was in the name of the appellant. The evidence with respect thereto was heard ore tenus by the trial court, and we are guided by the well known rule of favorable presumption in reviewing that court's findings on that issue. Lamar v. Lamar, 263 Ala. 391(2), 82 So.2d 558. The evidence and the tendencies on this issue show that a part of the purchase price for the Sellers property was paid by Lydia Roberts, now deceased, the mother of appellee; that Lydia Roberts lived on this property until the date of her death, although the legal title was taken in the name of the appellant. Lydia Roberts died intestate leaving as her only heirs the appellee and one Leona Clements. Leona Clements conveyed whatever interest she might have had in the property to the appellee before the institution of this litigation.

■ Where one party's money is used in payment of property and title is taken in the name of another, there is a presumption of a resulting trust in favor of the party whose money was used to the extent of the sum so used. Lamar v. Lamar, 263 Ala 391, 82 So.2d 558; Adams v. Griffin, 253 Ala. 371, 45 So.2d 22; Wilson v. Wilson, 257 Ala. 135. 57 So.2d 519; Jacksonville Public Serv. Corp. v. Profile Cotton Mills, 236 Ala. 4, 180 So. 583, 4 Pomeroy, Equity Jurisprudence, §§ 1037, 1038.

The only relationship which the evidence shows to have existed between Lydia Roberts, deceased, and the appellant was that of mother-in-law and son-in-law; no presumption of a gift therefore arises. 2A Bogert, Trusts and Trustees, 501; see Lauderdale v. Peace Baptist Church of Birmingham, 246 Ala. 178, 19 So.2d 538; Lamar v. Lamar, supra; Wilson v. Wilson, supra.

We find no error on the part of the trial court in the imposing of a resulting trust on the Sellers property in favor of the appellee to the extent of the payment therefor made by Lydia Roberts.

Section 433 of Title 7, Ala.Code 1940, provides in part that no person having a pecuniary interest in the result of a suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding. As heretofore observed, the appellee now holds any interest in the Sellers property which may have been held by Lydia Roberts, deceased. We therefore are of the opinion that the trial court properly refused to allow the appellant, grantee, and party to this proceeding, to testify with respect to that part of the consideration for the conveyance of the Sellers property which was paid by Lydia Roberts, deceased. The proffered testimony related to a personal transaction between the appellant and Lydia Roberts, the decedent. Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Thomas v. Tilley, 147 Ala. 189, 41 So. 854; Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484; Scott v. McGill, 245 Ala. 256, 16 So.2d 866; Browning v. Kelly, 124 Ala. 645, 27 So. 391; Loring v. Grummon, 176 Ala. 240, 57 So. 819; Dunn v. Martin, 230 Ala. 684, 163 So. 323; Watkins v. Carter, 164 Ala. 456, 51 So. 318; see also Adams v. Griffin, 253 Ala. 371, 45 So.2d 22; 58 Am.Jur., Witnesses, §§ 217, 244; 97 C.J.S. Witnesses § 221d.

An award of $7,000 permanent alimony to the appellee was made by the trial court. This action is urged by the appellant as error. There is no objection to making an allowance of alimony in gross; such allowance may be made payable presently or in the future. Wood v. Wood, 263 Ala. 384, 82 So.2d 556. When permanent alimony is awarded in gross, the amount thereof varies from one-half of the husband's estate to one-third or less. Phillips v. Phillips, 221 Ala. 455, 129 So. 3.

"In determining the amount of permanent alimony there is no fixed rule since each case must be decided upon its own relevant facts in the light of what is fair and reasonable". Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184, 189. It is proper to consider the wife's income or other means of support; the joint labor and capacity for work of the husband and wife; their joint income; sources from which the common property came; the nature, extent and clearness of proof of the husband's dereliction; the ability of each to earn money; the husband's condition in life, health and needs; the wife's condition in life; the ages of the parties. Phillips v. Phillips, 221 Ala. 455, 129 So. 3. And "Where the husband is guilty of wanton or wicked conduct toward his wife, the allowance must be as liberal as the estate of the husband will permit under all the circumstances of the case". Steiner v. Steiner, 254 Ala. 260, 266, 48 So.2d 184.

We have carefully reviewed the record in reference to all matters affecting the amount of $250 is made. Walling v. Wallrecital thereof would serve no useful purpose. We cannot say with any degree of assurance that the allowance made by the trial court was not fair and reasonable, and must sustain the ruling. See Eckerle v. Eckerle, 219 Ala. 371, 122 So. 618; Phillips v. Phillips, supra.

The last and remaining assignment of error is that the trial court erred in awarding $200 a month as alimony pending appeal (later reduced by the Court to $100 per month).

An allowance of temporary alimony may be made by the trial court pending an appeal of the cause in this Court. Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; further an order therefor may be incorporated into the final decree. Steiner v. Steiner, supra; Ex Parte Bragg, 241 Ala. 214, 2 So.2d 393. Upon a consideration of all the circumstances of the case including the husband's age, vigor, earnings and activity in business, the wife's station in life, her financial worth and income, we are likewise unwilling to disturb that holding. Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Rast v. Rast, 113 Ala. 319, 21

So. 34; Davis v. Davis, 255 Ala. 488, 51 So.2d 876; Ex parte Whitehead, 179 Ala. 652, 60 So. 924.

 Attorneys for appellee are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of the litigation, and the earning capacity of the parties. Davis v. Davis, supra. Such allowance rests in the sound judicial discretion of the trial court which we are not willing to say was abused by the trial court in the award of $650. Steiner v. Steiner, supra; Rast v. Rast, supra. On appeal to this Court we may in our discretion make an allowance of attorney's fees for the representing of the appellee on the appeal when application is made to do so; appellee's application herein is granted and an allowance in the amount of alimony to be given; a detailed ing, 253 Ala. 337, 45 So.2d 6; Steiner v. Steiner, supra; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

The decree of the lower court is due to be and is hereby affirmed with additional allowance of $250 for attorney's fees aforesaid.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, and COLEMAN, JJ., concur.

Ex Parte Ernest L. Ryan (6 Div. 880).

 Ernest Ryan was adjudged guilty of contempt of Court for failure to comply with the trial court's decree providing for monthly payments of alimony to Elsie Ryan pending the appeal of the final decree in the case of 6 Div. 893, and is asking to review that ruling by this petition for Writ of Certiorari.

The allowance of alimony pending the appeal was incorporated into the final decree, and we have affirmed that holding in 6 Div. 893. Petitioner urges that the trial court was without jurisdiction with respect thereto after the perfection of the appeal of said final decree.

"An appeal from a final decree of a court of chancery is matter of right if the party appealing gives security for the costs of appeal. An appeal taken in this mode does not operate a divestiture or suspension of the authority of the court to proceed in the execution of the decree. Whatever measures are necessary for the execution of the decree, it is the duty of the court, on the application of a party in interest, to pursue, as if the appeal had not been taken. If, in this respect, it is intended to stay the authority of the court, the statutes require that bond with security, with penalty and conditions adapted to the character of the decree, known and recognized as a 'supersedeas bond,' be given." Ex parte Hood, 107 Ala. 520, 18 So. 176, 177; Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026.

That part of the final decree (6 Div. 893) providing for payment of the alimony pending appeal was not superseded by bond. Ex parte Farrell, 196 Ala. 434, 71 So. 462, L.R.A.1916F, 1257, cited by petitioner, is therefore clearly distinguishable. See Ex parte Taylor, 251 Ala. 387, 37 So.2d 656. The supersedeas bond given by the petitioner in 6 Div. 893 was in the amount of $14,000 to supersede only that part of the final decree providing for the payment of $7,000 permanent alimony. Title 7, §§ 792, 794, Ala.Code 1940.

And the bond designated "appeal bond" filed in said cause did not supersede that part of the decree providing for payment of alimony pending appeal. Ex parte Hood, supra.

 "A common method of enforcing orders or decrees for alimony is by attachment for contempt; and when the husband has the means or estate out of which alimony may be paid, and he willfully and contemptuously refuses to do so, no good reason exists why he may not be compelled

to do so by attachment." Webb v. Webb, 140 Ala. 262, 266, 37 So. 96. See also Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716; Ex Parte Cairns, 209 Ala. 358, 96 So. 246; Ex Parte Whitehead, 179 Ala. 652, 60 So. 924.

We are not unaware that the lack of ability to pay on the part of the defendant is a complete defense. Ex Parte Stephenson, supra; Robertson v. State, 20 Ala.App. 514, 104 So. 561. But we must conclude that we find no error in the holding of the trial court that the conduct of the petitioner constitutes contempt of court for failure to pay the alimony as provided in the court's decree.

It results therefore that the decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.