DONALDSON, Judge.
Bharara Segar, LLC (“the company”), appeals from an order of the Etowah Circuit Court (“the trial court”) denying its Rule 60(b), Ala. R. Civ. P., motion for relief from a judgment entered pursuant to an agreement between the Etowah County District Attorney, on behalf of the State of Alabama, and Subeet Arora, who purportedly was a member of the company. The judgment, pursuant to § 20-2-93, Ala. Code 1975, had condemned and forfeited to the State certain funds and property seized by the Etowah County Drug Enforcement Unit (“the ECDEU”). For the following reasons, we reverse the trial court’s order and remand the cause to the trial court for further proceedings.
Background
On November 4, 2015, the State, through the Etowah County District Attorney and on behalf the ECDEU, filed a complaint pursuant to § 20-2-93 seeking the condemnation and forfeiture of property seized during a search of a Jet Pep convenience store in Boaz. The property seized included $43,711 in cash and a 2003 Mercedes-Benz E320 (“the vehicle”). The State attached to its complaint the affidavit of Steve Guthrie, an agent with the ECDEU, in which he testified, in relevant part, as follows:
“Subeet Arora, is the manager of the Jet Pet [convenience store] located [in] Boaz .... On June 27, 2012, [Arora] asked a customer if he needed any ‘fake weed’ which is synthetic marijuana. This said customer, a Confidential Informant (C.I.), said that he did. The C.I. left [the] Jet Pet and informed ECDEU of [Aro-ra’s] offer. The C.I. went back to this same Jet Pet with buy money ($340.00) .... [Arora] told the C.I. that he expects a truck delivery the next day (June 28, 2012) and to come back. The C.I. did as [Arora] instructed. On June 28, the C.I. retrieved 12 (twelve) bags of synthetic marijuana.
“Agents with ECDEU executed a search warrant based upon said controlled buy. The search of the business resulted in the seizure of 53 (fifty-three) bags of synthetic marijuana, scales, a large quantity of pipes, and a total of $43,711.00 (Forty-Three Thousand Seven-Hundred Eleven U.S. Dollars). In addition, Agents recovered $240.00 (Two-Hundred Forty U.S. Dollars) of the buy money. ECDEU seized the [vehicle].”
On November 5, 2015, the trial court entered an order directing that notice of the forfeiture action be made by publication for four consecutive weeks in a newspaper published in Etowah County and stating that “all parties claiming any right in or to the said vehicle or currency shall answer the complaint within thirty (30) days of the last publication of the notice or the property may be condemned and forfeited to the [ECDEU].” Pursuant to the trial court’s order, the circuit-court clerk sent a request to The Gadsden Times to publish the notice of the forfeiture proceedings on November 11, 2015, November 18, 2015, November 25, 2015, and December 2, 2015. The notice ordered to be published stated that an answer must be filed by January 7, 2016. Theré is no affidavit from the publisher or the publisher’s agent in the record establishing that the notice was published in the newspaper. See Rule 4.3(d)(5), Ala. R. Civ. P. On November 19, *663 2015, Arora filed a motion to dismiss the State’s complaint. On December 15, 2015, the trial court rendered a judgment pursuant to an agreement between the Etowah County District Attorney, on behalf of the State, and Arora. The judgment ordered that $5,000 of the seized funds be forfeited to the ECDEU and that the balance of the funds, or $38,711, be returned to Arora. The judgment also directed that the vehicle be forfeited to the ECDEU. The judgment was entered into the State Judicial Information System on December 16, 2015.
On December 18, 2015, the company filed an answer in the trial court stating that it was the owner and operator of the Jet Pep convenience store where the funds and the vehicle were seized. The company stated that the members who possess a majority interest in the company were not participants in any of the alleged criminal activities that had been conducted by Aro-ra. The company stated that it was the owner of all the funds described in the State’s complaint except for $1,730 that was recovered from the vehicle and $158 that was found in a bag with, pills. The company contended that the funds belonging to it consisted of the operating cash of the convenience store, that those funds were “not used in furtherance of the alleged criminal operations or activities of Subeet Arora,” and that the' remaining members of the company “did not have any actual or constructive Knowledge of any of the alleged criminal actions of Su-beet Arora.”
On February 15, 2016, the company filed a motion to vacate or for relief from the December 16, 2015, judgment or, in the alternative, a motion to extend the time to appeal from the judgment pursuant to Rule 77(d), Ala. R. Civ. P. In that motion, which we construe to be, in relevant part, a motion for relief from the judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.ythe company argued, among other things, that it had been denied due process because the trial court had entered the judgment before the expiration of the time for filing an answer as provided by the notice ordered to be published in The Gadsden Times. The company argued that, because the judgment had been entered without affording it due process, the judgment is void. The trial court held a hearing on the motion on March 3, 2016, at which counsel for the State and for the company presented arguments to the trial court. The parties have provided this court with a transcript of that hearing. No testimony was taken and no evidence was presented to the trial court at the hearing.
On March 18, 2016, the trial court entered an order denying the company’s motion. The company filed a timely notice of appeal to our supreme court. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Discussion
On appeal, the company argues that the December 15, 2015, judgment is void because, it contends, the trial court entered the judgment in a manner that was inconsistent with due process by entering the judgment before the deadline for filing an answer had expired. The company also contends that the trial court erred by failing to add the company as a indispensable party to the case pursuant to Rule 19, Ala. R. Civ. P. See Hodge v. State, 643 So.2d 982, 984 (Ala. Civ. App. 1993).
The underlying proceedings involved forfeiture of money and a vehicle under § 20-2-93, Ala. Code 1975, a part of the Alabama Uniform Controlled Substances Act (“the Act”), § 20-2-1 et seq., Ala. Code 1975. Section 20-2-93(h) provides:
“(h) An owner’s or bona fide lienholder’s interest in real property or fixtures shall not be forfeited-under this section for'any act or omission unless the state *664 proves that that act or omission was committed or omitted with the knowledge or consent of that owner or lien-holder. An owner’s or bona fide lienholder’s interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s or lienholder’s knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use. Except as specifically provided to the contrary in this section, the procedures for the condemnation and forfeiture of property seized under this section shall be governed by and shall conform to the procedures set out in Sections 28-4-286 through 28-4-290[, Ala. Code 1975,] except that: (1) the burden of proof and standard of proof shall be as set out in this subsection instead of as set out in the last three lines of Section 28-4-290; and (2) the official filing the complaint shall also serve a copy of it on any person, corporation, or other entity having a perfected security interest in the property that is known to that official or that can be discovered through the exercise of reasonable diligence.”
Section 28-4-286, Ala. Code 1975, provides:
“It shall be the duty of such officer in the county or the Attorney General of the state to institute at once or cause to be instituted condemnation proceedings in the circuit court by filing a complaint in the name of the state against the property seized, describing the same, or against the person or persons in possession of said vehicles of transportation, if known, to obtain a judgment enforcing the forfeiture. No replevin or detinue writ may be employed to retake possession of such seized property pending the forfeiture action, but any party claiming a superior right may intervene by motion in said action and have his claim adjudicated.
“The judge presiding in said circuit court or any division thereof may superintend and make all proper orders and orders of publication of notice to be published for all parties claiming the said vehicles to come in and assert their right thereto. The said court shall have authority to frame all orders of procedure so as to regulate the pi'oceedings that persons may have an opportunity to come in and propound their claim to the vehicles and conveyances sought to be condemned.”
Although § 28-4-286 contemplates that notice of the action may be made by publication, neither § 20-2-93(h) nor § 28-4-286 provide a specific procedure to be followed to provide notice by publication of a forfeiture action commenced under the Act. Rule 4.3, Ala. R. Civ. P., however, provides a procedure for service by publication in civil cases. Rule 4.3(d) provides, in pertinent part:
“(2) ... [T]he clerk shall direct that service of notice be made by publication in a newspaper of general circulation in the county in which the complaint is filed; and, when publication is authorized under subdivision 4.3(c), also in the county of the defendant’s last known location or residence within the United States. If no newspaper of general circulation is published in the county, then publication shall be in a newspaper of general circulation published in an adjoining county.
“(3) Contents of Publication. The publication shall (A) contain a summary statement of the object of the complaint and demand for relief; (B) notify the *665 person to be served that that person is required to answer within thirty (30) days after the last publication on or before a date certain specified in the notice which said date shall be thirty (30) days after the last publication; and (C) be published at least once a week for four successive weeks. ...”
We conclude that the procedure for service by publication in Rule 4.3 is also applicable in forfeiture proceedings arising under the Act.
Pursuant to Rule 4.3(d)(4) service by publication is deemed “complete at the date of the last publication.” Rule 4.3(d)(5) provides that, “[a]fter the last publication, the publisher or the publisher’s agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service.” Rule 12(a), Ala. R. Civ. P., provides, in part, that “[a] defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon that defendant except when service is made by publication and a different time is prescribed under the applicable procedure.”
“ ‘A civil forfeiture proceeding is an action in rem against the property itself.’” Garrett v. State, 739 So.2d 49, 52 (Ala. Civ. App. 1999) (quoting City of Gadsden v. Jordan, 760 So.2d 873, 875 (Ala. Civ. App. 1998), rev’d on other grounds, 760 So.2d 877 (Ala. 1999) (citing in turn Wherry v. State ex rel. Brooks, 637 So.2d 1353, 1355 (Ala. Civ. App. 1994))). Forfeiture cases commenced under the Act are unique in that the State may file the complaint against the property seized, in lieu of naming an actual defendant. Publication of the notice of the action pursuant to § 28-4-286, however, serves to place those individuals who have an interest in the seized property on notice that the property in question is subject to forfeiture by the State and that a right exists for those persons to appear before the trial court to “propound their claim to the [property] sought to be condemned.” § 28-4-286. Those individuals should be afforded the process to which they are due under the Act, § 28^-286, and the Alabama Rules of Civil Procedure. “An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
In the present case, the trial court, pursuant to § 28-4-286, ordered service of the notice of the forfeiture action by publication. The clerk, thereafter, issued the notice to The Gadsden Times to be published for four consecutive weeks, with the last date of publication of the notice to be December 2, 2015. The notice stated that an answer to the complaint must be filed by January 7, 2016. Despite the absence in the record of the publisher’s affidavit required by Rule 4.3(d)(5), neither party disputes that the notice had last been published in The Gadsden Times on December 2, 2015. Additionally, the company does not allege any error on appeal regarding the absence of the publisher’s affidavit. On December 16, 2015, 22 days before the time for filing an answer expired, the trial court, upon an agreement of the State and Arora, entered the judgment. If not for the entry of the judgment, the company’s December 18, 2015, answer would have been timely filed.
The State cites § 10-5-3.03, Ala. Code 1975, for the proposition that Arora, as a purported member of the company, had actual and inherent authority to bind *666 the company, a limited-liability company, to the settlement agreement with the State. The- State contends that Arora was the managing member of the company and that he managed the convenience store. Other than the arguments of counsel at the hearing on .the Rule 60(b)(4) motion, the trial court received no evidence relating to the company’s corporate structure, the percentage of ownership of the company by its members, or the company’s operating agreement.
“Operating agreements of limited liability companies serve as contracts that set forth the rights, duties, and relation-, ships of the parties to the agreement. See Love v. Fleetway Air Freight & Delivery Serv., L.L.C., 875 So.2d 285 (Ala. 2003). ‘[I]t is elementary that it is the terms of the written contract, not the mental operations of one of the parties, that control its interpretation.’ Kinmon v. J.P. King Auction Co., 290 Ala. 323, 325, 276 So.2d 569, 570 (1973)(citing Todd v. Devaney, 265 Ala. 486, 92 So.2d 24 (1957)).”
Harbison v. Strickland, 900 So.2d 385, 391 (Ala. 2004). Accordingly, we are unable to conclude from the record whether Arora had the authority to enter into the settlement agreement with the State on behalf of the company.
The State has attached to its appellate brief what it purports is a property-tax document from the Etowah County Revenue Commissioner showing Arora as the owner of the convenience store. The company filed a motion in this court to strike that attachment.
“‘As we have stated on many prior occasions, “[ajn appellate court is confined in its review to the appellate record, that record cannot be ‘changed, altered, or varied on appeal by statements in briefs of counsel,’- and the court may not ‘assume error or presume the existence of facts as to which the record is silent.’” Beverly v. Beverly, 28 So.3d 1, 4 (Ala. Civ. App. 2009) (quoting Quick v. Burton, 960 So.2d 678, 680-81 (Ala. Civ. App. 2006)).’
“Dreading v. Dreading, 84 So.3d 935, 937 (Ala. Civ. App. 2011). Further, ““[ajttachments to briefs are not considered part of the record and therefore cannot be considered on appeal.’”’ Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala. 2007) (quoting Morrow v. State, 928 So.2d 315, 320 n.5 (Ala. Crim. App. 2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala. Crim. App. 1991)).”
Jackson v. Davis, 153 So.3d 820, 829 (Ala. Civ. App. 2014). The tax document is not in the record, and was not presented to the trial court. Therefore, the company’s motion to strike the attachment is granted, and the attachment has not been considered by this court in disposing of this appeal.
Although the trial court had been presented with an agreement between parties who asserted an interest in the cash and the vehicle, the.entry of the judgment was premature because it foreclosed the opportunity for any other party interested in the property seized by the State to file an answer before January 7, 2016. The record shows that the company was not afforded the process it was due under the Act, § 28-4-286, and the Alabama Rules of Civil Procedure to file an answer to the complaint and to assert its claim to the seized property, Accordingly, we conclude that the judgment is void and that the company’s Rule 60(b) motion is due to be granted.
Because we have determined that the trial court’s-judgment is void and that the company’s Rule 60(b) motion is due to be granted, we pretermit consideration of whether the company should have been *667 joined as an indispensable party to this appeal. The trial court’s order denying the company’s Rule 60(b) motion is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.